PAONI et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. June 29, 1922.)

No. 2885.

1. Criminal law ⊚⟿1151—Court's action on motion for continuance not reviewable, except for abuse of discretion.

Motions for continuance are addressed to the sound discretion of the trial court, and its action is not subject to review, unless it be clearly shown that the exercise of such discretion was abused.

2. Criminal law ⊚⟿594(1)—Denial of motion for continuance for time to subpoena witnesses for accused an abuse of discretion.

Under the Sixth Amendment to the Constitution, providing that one accused of crime is entitled to compulsory process for obtaining witnesses in his favor, where defendants were forced to trial on appearance of their counsel in the afternoon, and proceeded with the usual adjournment until the verdict was rendered the next morning, it was an abuse of

⊚⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

discretion on the part of the court to deny defendants' motion for a continuance on the ground of insufficient time within which to procure the attendance of witnesses by process of subpœna; the record being silent as to the court's reason for overruling the motion.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

John Paoni and another were convicted of violations of the Harrison Anti-Narcotic Act, and they bring error. Reversed, and new trial awarded.

Clarence P. Sterner and John F. McEvoy, both of Philadelphia, Pa., for plaintiffs in error.

Robert V. Bolger and George W. Coles, both of Philadelphia, Pa., for the United States.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. This writ brings here for review a record which is so abridged that it discloses little of what transpired at the trial. The bill of exceptions contains merely a stipulation of counsel on twelve points ,and two affidavits setting forth matter to which the affiants would have testified had they been called as witnesses. The stipulation is in substance as follows:

The two defendants, with others, were indicted on June 6, 1921, for violations of the Harrison Anti-Narcotic Act. 38 Stat. 785 (Comp. St. §§ 6287g–6287q). Although counsel are charged in some measure with the duty of watching the criminal calendar of the District Court, a practice has grown up in the office of the United States Attorney for that office to notify counsel by mail of the dates of the trial of their causes. The chief clerk of the United States Attorney testified that on June 16 notice was mailed to counsel for defendants that this case would come on for trial on June 22. On the morning of that day the case was called. The defendants were present but their counsel was absent. The jury was drawn and sworn and the case continued until the afternoon to give the defendants an opportunity to find their counsel and procure the attendance of their witnesses. Counsel appeared in the afternoon and promptly moved for a continuance upon the ground that he had not received notice that the case was listed for trial on that day and that he was unable properly to present his clients' case owing to insufficient time in which to procure the attendance of witnesses. One of the defendants testified that he had received notice of the trial on the previous evening and had communicated the information to his codefendants and bondsmen. The court overruled the motion for a continuance and the trial proceeded. Whether an exception was noted does not appear. The defendants were found guilty and sentenced. Later, the court denied a motion for a new trial based on the somewhat enlarged ground that the defendants had not been afforded a fair trial inasmuch as neither they, their bail, nor their counsel had been advised of the trial in time *to prepare their defense* or to take out subpœnas to procure the attendance of witnesses. This writ followed, and, enlarging the grounds still further, was rested on two as-

signments of error: First, the selection of a jury in the absence of the defendants' counsel; and second, the court's refusal of the motion for a continuance upon the ground just stated in the motion for a new trial.

In reviewing this highly unsatisfactory record, we lay aside two contentions as untenable. The first is that the defendants were forced into trial without time for their counsel to prepare a defense. Obviously there is nothing in this, for counsel had from April 11 to June 22 in which to prepare for trial and had actually prepared for trial by finding two witnesses, who, had they been summoned, would have appeared and testified. The second is the selection of a jury in the absence of counsel. Though such action might in a given case involve error, this is not such a case, because the objection appears for the first time on this writ of error and evidently is an afterthought. There is nothing in the record which either shows or suggests that the defendants were prejudiced by the jury being so drawn and sworn, or that counsel after appearing objected or otherwise noted an exception thereto, or based his motion for a continuance thereon, or assigned it as a ground for a new trial. Even at this time counsel does not charge that prejudice followed from a failure of the defendants to exercise their right of challenge or that the jurors or any of them were disqualified or objectionable.

Therefore, the sole question is whether the trial court abused its discretion in refusing the motion of the defendants' counsel for a continuance on the single ground of insufficient time within which to procure the attendance of witnesses by process of subpœna.

The record discloses that the defendants had two witnesses whose attendance they desired. It also recites the testimony they would have given had they been summoned. We cannot say whether their testimony would have been relevant and therefor admissible; nor can we say, if admissible, how effective it would have been. These were matters for the court and jury. Yet, as the trial started on the appearance of counsel in the afternoon and proceeded with the usual adjournment until the verdict was rendered the next morning, we are gravely impressed with the contention that the time for the issue, service and return of subpœnas was not adequate.

[1] Under the Sixth Amendment to the Constitution the defendants were entitled to have the assistance of counsel for their defense and also to have compulsory process for obtaining witnesses in their favor. To one accused of crime these are very substantial rights. Yet they are barren if given at a time when assistance by counsel in issuing subpœnas is impracticable and when service of subpœnas and the appearance of witnesses is impossible. Have these rights been withheld from the defendants in this case? That depends upon whether the trial court abused its discretion in denying their motion for a continuance. The law governing federal courts on applications of this kind is well settled. It is that such motions are addressed to the discretion of the trial court, and its action is not subject to review, unless it be clearly shown that the exercise of such discretion was abused. Isaacs v. United States, 159 U. S. 487, 489, 16 Sup. Ct. 51, 40 L. Ed. 229,

Myers v. United States, 223 Fed. 919, 139 C. C. A. 399; Younge v. United States, 223 Fed. 941, 139 C. C. A. 421.

[2] While we are morally certain that the learned trial judge was prompted in his action by some very good reason, yet—though we can imagine such a reason—none appears in the record. Obviously, we cannot decide this case upon surmise, however persuasive. It is upon the record alone that we must render decision. This record discloses with certainty only one thing, and that is, it does not tell the whole story. Yet, taking the story as told, we are forced to the conclusion that in denying their motion for a continuance there was withheld from the defendants timely opportunity to obtain their witnesses by compulsory process. It follows, therefore, that the judgments below must be reversed and a new trial awarded.