**UNITED STATES of America**

v.

**Frank DI GREGORIO et al., Defendants.**

United States District Court
S. D. New York.
Feb. 6, 1957.

Paul W. Williams, U. S. Atty. for So. Dist. of New York, New York City, for United States, William S. Lynch, Asst. U. S. Atty., New York City, of counsel.

Frank Di Gregorio, defendant, pro se.

SUGARMAN, District Judge.

On August 15, 1955 the Grand Jury filed two indictments each containing five counts and each naming a number of defendants. Movant Frank Di Gregorio was the only defendant named in both indictments.

The first indictment (Cr. 148–93) charged Di Gregorio and two others, in Count 1, with a sale of 17 ounces, 31 grains of heroin on January 31, 1955; in Count 3, with a sale of 33 ounces, 208 grains of heroin on February 18, 1955 and in Count 5, with a conspiracy on and after January 1, 1955 to violate the narcotics laws.

The second indictment (Cr. 148–94) charged Di Gregorio and four others, in Count 1, with a sale of 17 ounces, 138 grains of heroin on April 9, 1955 and in Count 3, with a sale of 16 ounces, 295 grains of heroin on June 23, 1955.

On August 22, 1955 Di Gregorio pleaded not guilty to all five counts of each indictment.

Twice, in September 1955, at the request of Di Gregorio's counsel, adjournments of the trials of the two indictments were granted to enable Di Gregorio to locate a missing witness.

Indictment 148–93 having been set for trial, on October 3, 1955 Di Gregorio withdrew his not guilty plea to Counts 1, 3, and 5 of the first indictment and pleaded guilty to those three counts. The next day he was sentenced to four years on each count to be served concurrently.

On October 19, 1955 Di Gregorio withdrew his not guilty plea to Counts 1

and 3 of the second indictment and pleaded guilty to those two counts. On November 4, 1955 he was sentenced to two years on each count to be served concurrently after service of the sentences imposed on the guilty pleas to the three counts in the first indictment.

Di Gregorio, *in propria persona* now moves for an order pursuant to 28 U.S. C.A. § 2255 and for relief under Fed. Rules Crim.Proc. rule 35, 18 U.S.C.A. and Fed.Rules Crim.Proc. rule 52.

■ As the foregoing chronology demonstrates, the consecutive sentences were imposed after defendant had pleaded guilty to various counts of two indictments, each count charging the commission of a crime distinct from the others. The sentences are not illegal.[1]

The motion appears to be based on an additional assertion that Di Gregorio was denied the compulsory process for obtaining witnesses in his favor guaranteed him by the Sixth Amendment of the Constitution.[2] Di Gregorio was twice granted adjournments in September 1955 to locate the witness he sought, before he changed his plea to guilty on Counts 1, 3 and 5 of the first indictment on October 3, 1955 and on Counts 1 and 3 of the second indictment on October 19, 1955.

■ The two adjournments of at least three weeks in the aggregate granted Di Gregorio, afforded timely opportunity to enable his counsel (the defendant was, throughout the entire period, in jail because of his inability to make bail) to locate the witness. There is thus not present a situation where refusal of an adjournment precluded the defendant's asserting his right to compulsory process.[3] If it is movant's contention that it was the government's duty to locate the missing witness for him I do not understand that the Sixth Amendment accords him any such right. The limit of the government's obligation is much less.[4]

■ When the requests for the adjournments which were granted, the changes of defendant's pleas and the sentencing were before the court, defendant in each instance was represented by counsel of his own choice. On none of these occasions was any request for compulsory process made by either the defendant or his counsel. That silence and defendant's guilty pleas constitute a waiver of his right to compulsory process.[5]

The defendant having been given a reasonable opportunity to locate the witness, having failed to request compulsory process and having pleaded guilty to the counts upon which he was sentenced cannot now be heard to challenge the wisdom of that course because of his counsel's asserted failure to locate the

1. United States v. Landi, 2 Cir., 1947, 240 F.2d 238.

2. "May it please this Honorable Court to know that owed to the obvious negligence of an attorney who ignored Federal Criminal procedure and constitutional rights, the petitioner was deprived of the chance to go to trial to show exactly what part he took in this crime. He was forced to plead guilty because the court would not give us any more time to locate the witness so important in petitioner's behalf. The witness, by the way, was an informer, ex-convict, and still on parole from his last conviction in 1949, employed by the government and working together with a narcotic agent to gain petitioner's friendship and finally arrest him. After going to prison, petitioner learned that in Article VI of the ten original amendments in the Bill of Rights; states: 'That the accused shall enjoy the right to have compulsory process for obtaining witnesses in his favor.' Had this been brought to this Honorable Court's attention, other means might have been put into process for obtaining this very important witness. Then all the actual facts were not made known to the court by the attorney and petitioner was forced to plead guilty to counts on both indictments which were never committed."

3. Cf. Paoni v. United States, 3 Cir., 1922, 281 F. 801.

4. Cf. Fed.Rules Crim.Proc. rule 17(b).

5. Tompsett v. State of Ohio, 6 Cir., 1944, 146 F.2d 95, certiorari denied, 1945, 324 U.S. 869, 65 S.Ct. 916, 89 L.Ed. 1424.

witness, failure to move for compulsory process or mistaken advice to plead guilty.[6]

The motion is denied and it is so ordered.

6. Tompsett v. State of Ohio, Note 5, supra; United States ex rel. Darcy v. Handy, 3 Cir., 1952, 203 F.2d 407, certiorari denied Maroney v. United States ex rel. Darcy, 1953, 346 U.S. 865, 74 S.Ct. 103, 98 L.Ed. 375.