Per Curiam.

Petitioner does not contest the original jurisdiction of the court but contends that such jurisdiction was lost by the court when it refused to issue compulsory process on his behalf as provided by Section 10 of Article I of the Ohio Constitution. He couples with this the argument that his counsel was incompetent, basing his contention in part on the fact that counsel refused to have process issued to bring certain witnesses into court.
Petitioner bases his contention on the claimed fact that there were witnesses in West Virginia and Pennsylvania who could have proved that he was not in Ohio at the time the crimes were committed. At the hearing in this cause petitioner was allowed to introduce into evidence a series of affidavits from persons in West Virginia and Pennsylvania to substantiate his argument. Petitioner further introduced in the form of an affidavit a copy of a newspaper article which indicated that a complaint had been filed with the local bar association by petitioner, charging his counsel with incompetency. In this article his attorney admitted petitioner had informed him of these witnesses. However, the attorney stated further that he had attempted to contact these witnesses but his letters to them had been returned, “addressee not known at this address.”
*205 This brings us to a consideration of the rights of an accused and the duty of the court and accused’s attorney in relation to the right of compulsory process secured by the Ohio Constitution to a defendant in a criminal action.
The right to compulsory process is inherent in our law and even as to out-of-state witnesses in criminal proceedings has been protected in Ohio by the enactment of the Uniform Attendance of Witnesses Act (Section 2939.25 et seq., Revised Code). This act provides, through the voluntary co-operation of courts of other states having similar legislation, for securing the attendance of witnesses from other states to give testimony in a criminal prosecution in this state. Both Pennsylvania and West Virginia have such acts.
The question in any of such cases is the extent of the duty of the court and of accused’s attorney who is, as is pointed out by petitioner, an officer of the court.
Although an accused is entitled to compulsory process for the attendance of witnesses, such right is necessarily dependent upon the ability of the accused to meet certain conditions. He must be able with a reasonable degree of certainty not only to designate such witnesses but also must be able to indicate where such witnesses may be found. The right to compulsory process does not include the right to have the state locate the witnesses. United States v. DiGregorio, 148 F. Supp., 526.
The ability of an accused to designate and indicate the location of the witness he wishes is necessarily more stringent in a case such as the one we have before us. Inasmuch as a state’s process cannot extend beyond its borders, and, thus, the state can not as a matter of right compel the attendance of a witness beyond its borders but can only procure such witnesses by the voluntary co-operation of another state, clearly the accused must be able to designate the witness and his location with exactitude before any duty devolves on the court to initiate the complex judicial process necessary under these acts to procure the attendance of out-of-state witnesses.
Furthermore, not only must the accused be able to designate the witnesses but he must also show that a request for such *206 witnesses was made to the court. No such request is indicated by the testimony in the instant case.
Petitioner urges, however, that his counsel should have procured such witnesses, and that since the attorney is an officer of the court his failure to do so not only violated petitioner’s right to compulsory process but also demonstrates that he was deprived of the right of effective assistance of counsel inasmuch as the failure to procure witnesses indicates the incompetence of his counsel. The record shows that petitioner’s attorney did write to such witnesses as were designated by the petitioner at the addresses indicated by him but such letters were returned unclaimed.
Petitioner also raises the question as to the failure of the court to include the allocution in the certified copy of the sentence and thus claims the sentence was void. Petitioner admits that the right of allocution was given him. Petitioner’s contention is without merit. He admits that such right was granted him, and the failure to include the allocution in the certificate of sentence did not void the sentence. In fact, the absolute failure to accord petitioner this right is not a ground for relief by habeas corpus. Hill v. United States, 7 L. Ed. (2d), 417.
From a consideration of the above matters it is clear that petitioner was deprived of none of his constitutional rights, nor is there any indication of incompetence on the part of his counsel who tried this case for some six days. Such counsel’s failure to secure the attendance of the alleged alibi witnesses does not indicate incompetence, since counsel did all that could be reasonably demanded of him to secure such witnesses.

Petitioner remanded to custody.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.