STATE OF CONNECTICUT *v.* MATHEW BETHEA

HOUSE, C. J., COTTER, SHAPIRO, LOISELLE and BOGDANSKI, JS.

Argued April 3—decision released August 6, 1974

*Howard A. Jacobs,* with whom, on the brief, was *Ira B. Grudberg,* for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Robert K. Walsh,* assistant state's attorney, for the appellee (state).

LOISELLE, J. In a trial to the court, the defendant was found guilty of two counts of the sale of narcotics in violation of § 19-480 (a) of the General Statutes. The defendant has appealed, assigning error in the refusal of the court (*MacDonald, J.*) to grant a continuance at a pretrial hearing, and in the finding and conclusions of the trial court (*Parskey, J.*). In his brief, the defendant has pursued two lines of argument. He first contends that the refusal of the court to grant a continuance violated his rights to offer the testimony of witnesses and to due process of law. Second, he argues that the court erred in failing to inquire into the factual

basis of the motion for a continuance, into the competency of the defendant to stand trial, or into the adequacy of the representation of the defendant by counsel. The argument in the defendant's brief does not refer to any matters concerning the trial. Consequently the assignments of error pertaining to the trial are considered abandoned. *State* v. *Brown,* 163 Conn. 52, 55, 301 A.2d 547.

The defendant contends that the denial of his request for a continuance infringed upon his right to offer the testimony of witnesses and violated his right to due process of law. The sixth-amendment right of a criminal defendant to have compulsory process for obtaining witnesses in his favor is applicable to state criminal proceedings under the due process clause of the fourteenth amendment; *Washington* v. *Texas,* 388 U.S. 14, 87 S. Ct. 1920, 18 L. Ed. 2d 1019; and included within its scope is the right to offer the testimony of witnesses.[1]  The

---

[1] *Washington* v. *Texas,* 388 U.S. 14, 87 S. Ct. 1920, 18 L. Ed. 2d 1019, dealt with the constitutionality of two statutes which barred persons charged or convicted as coparticipants in the same crime from testifying for one another, although testimony on behalf of the state by such persons was permissible. The court pointed out that the literal meaning of "compulsory process" was not in issue since "[t]he testimony of . . . [the witness] was denied to the defense not because the State refused to compel his attendance, but because a state statute made his testimony inadmissible whether he was present in the courtroom or not. We are thus called upon to decide whether the Sixth Amendment guarantees a defendant the right under any circumstances to put his witnesses on the stand, as well as the right to compel their attendance in court." Id., 19. The court's analysis of the historical background and motivations which led to the inclusion of the right to compulsory process in the constitution and its ruling that the statutes violated the right of due process demonstrate that the scope of the right of compulsory process includes the right to present witnesses on behalf of the defense and that infringement of this right can constitute a denial of due process. Id., 19–23.

rights of compulsory process and due process of law may be violated by the denial of a continuance which prevents a defendant from presenting witnesses on his behalf. See *MacKenna* v. *Ellis,* 280 F.2d 592, 602–4 (5th Cir.), modified on other grounds, 289 F.2d 928, cert. denied, 368 U.S. 877, 82 S. Ct. 121, 7 L. Ed. 2d 78; *Paoni* v. *United States,* 281 F. 801 (3d Cir.). "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law." *Washington* v. *Texas,* supra, 19. Apart from constitutional considerations, the general rule is that an alibi in a criminal case is of so material a nature that if the absence of a witness who will testify to such a defense is properly presented a continuance should be granted. Annot., 41 A.L.R. 1530.

The right of a defendant to have a continuance is not, however, absolute and the circumstances of this case present countervailing considerations. Courts must vigilantly ensure that requests for continuances do not become mere vehicles for achieving delay which, in turn, may obstruct the orderly procedure in the courts or interfere with the fair administration of justice. See *United States* v. *Rosenthal,* 470 F.2d 837, 844 (2d Cir.), cert. denied, 412 U.S. 909, 93 S. Ct. 2298, 36 L. Ed. 2d 975; *United States* v. *Llanes,* 374 F.2d 712, 717 (2d Cir.), cert. denied, 388 U.S. 917, 87 S. Ct. 2132, 18 L. Ed. 2d

1358. In reviewing the denial of a continuance which had been requested to allow the defendant additional time to obtain counsel and to prepare a defense, the United States Supreme Court has observed: "The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process . . . . *Avery* v. *Alabama*, 308 U.S. 444 [60 S. Ct. 321, 84 L. Ed. 377]. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. *Chandler* v. *Fretag*, 348 U.S. 3 [75 S. Ct. 1, 99 L. Ed. 4]. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar* v. *Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 11 L. Ed. 2d 921.

No evidence was given or offered by either the state or the defendant at the time of the defendant's motion for a continuance prior to trial. The court made a finding and formulated its conclusions on the representations made at that time by counsel and on its examination of the file.[2]

---

[2] Four of the findings of the court (*MacDonald, J.*) were attacked by the defendant as found without evidence. Three of these are supported by evidence in the appendix to either the defendant's brief or the state's brief, and require no modification. *Blatt* v. *Star Paper Co.*, 160 Conn. 193, 203, 276 A.2d 786. In its brief and appendix the state admitted that the remaining finding challenged by the defendant misstated the date to which the defendant's counsel requested the case be continued, and the finding has been corrected as to this fact. Practice Book § 627. The defendant claims that the court (*MacDonald, J.*) erred in not adopting as its

The defendant was arrested in November of 1970. He pleaded not guilty and claimed a trial to the jury on December 3, 1970. The case was assigned for March 5, 1971, but did not reach the court for trial until a few days before the end of the winter session. The trial did not begin at that time because its length might have exceeded the number of court days then remaining in the session. The state represented to defense counsel that there would be no further delay after the spring recess and the case was assigned for trial for the beginning of the week of April 18, 1971.

The case was assigned for a jury trial on Wednesday, April 21, 1971. Before trial on that day, the defendant moved for a continuance to the following Tuesday. That morning the defendant had advised defense counsel that he had received new information in a telephone conversation the previous evening with people in Hampton, Virginia, and that a specific person would testify as to his presence in Hampton, at or shortly after the crime was alleged to have occurred. Defense counsel reported this conversation to the court and made it the basis of the motion for a continuance. Neither the name of the individual in Virginia nor the source of this new knowledge was disclosed to the

finding the defendant's draft finding. The draft finding was a verbatim record of the proceedings before the court at the time of the motion for a continuance and was not in proper form. The court's failure to adopt it is not error. Practice Book § 649. That portion of the draft finding which was not a copy of the transcript related to the subsequent trial. Since the assignment of errors pertaining to the trial is not pursued, this portion of the draft finding and the assignment of errors relating to the trial court's finding are immaterial to the issues on appeal and no additional corrections to the finding need be made. *Branford Sewer Authority* v. *Williams,* 159 Conn. 421, 425, 270 A.2d 546; see Practice Book § 627.

court. Defense counsel represented that the defendant had a limited degree of intelligence and that there was considerable difficulty in communications. Prior to that morning, defense counsel did not believe that the defendant had any alibi witnesses who could testify that the defendant was in Virginia at or around the time of the alleged crime. At no time prior to the morning the case was to commence did the defendant indicate to his attorney that he wanted a continuance to obtain a witness.

In view of the five-month interim between the defendant's arrest and the trial; the failure of the defendant to inform his attorney, at the time of the entry of his plea or any time thereafter, of the existence of a claimed alibi witness; and the belief that, if the defendant had knowledge of the possibility of such a witness, he would have informed his attorney to ensure that the witness would be contacted promptly and be available at the time of trial; the court concluded that the defendant's request for a continuance was for the purpose of delay. When the motion for a continuance was made, there was no explanation of the manner in which the witness' contact with the defendant would establish an alibi defense nor was there a showing of the probability of securing the absent witness by the following Tuesday. There was no showing that the defendant exercised good faith and diligence in attempting to find such witnesses within the five months that he was waiting for trial nor did the defendant claim that incarceration or any other cause prevented him from contacting probable witnesses. Under these circumstances it was reasonable for the court to conclude that the request for continuance was merely for the purpose of delay. The court did not abuse its discretion in refusing to

continue the trial of the case. See *McKinney* v. *Wainwright,* 488 F.2d 28 (5th Cir.); *State* v. *Manning,* 162 Conn. 112, 121, 291 A.2d 750; *State* v. *McLaughlin,* 126 Conn. 257, 260, 10 A.2d 758; 17 Am. Jur. 2d, Continuance, §§ 29–32; cf. *State* v. *DiBella,* 157 Conn. 330, 344, 254 A.2d 477.

The defendant's motion for a continuance was based solely on new information he claimed he had obtained in his telephone conversation of the previous evening. At that time, no other ground was presented to the court. On appeal, the assignment of errors includes a claim that the court erred in failing to make an adequate inquiry as to the factual basis and full significance of the defendant's request for a continuance in view of the representations of counsel that the defendant was of limited intelligence and had difficulty in communicating. In his brief, the defendant argues that when counsel for the defendant made these representations, the court, on its own motion, should have fully inquired into the situation as is required before a guilty plea is accepted, or, in the alternative, that a hearing to determine the mental condition of the accused should have been held under § 54-40 of the General Statutes.

The analogy between entering a plea of guilty and requesting a continuance is not compelling. A guilty plea waives all but jurisdictional protections and is of such serious import and consequence that it requires a full inquiry by the court before it can be accepted. *Boykin* v. *Alabama,* 395 U.S. 238, 242–44, 89 S. Ct. 1709, 23 L. Ed. 2d 274; *State* v. *Bugbee,* 161 Conn. 531, 534, 290 A.2d 332. This is a far cry from the granting or refusal of a motion for a continuance. It is understandable why the

defendant has cited no authority for his proposition that a plenary hearing was required before the court could exercise its discretion in this matter.

The further claim that an inquiry was needed to determine the competency of counsel at that time in view of his representations is not valid where there is no showing in any way that counsel was not protecting the rights of his client at all times. See *State* v. *Chesney,* 166 Conn. 630, 639,      A.2d

.

The defendant next claims that the court abused its discretion in not ordering a hearing under § 54-40 of the General Statutes. Under this statute, counsel may present to the court his opinion that an accused is mentally incompetent to stand trial. Thereafter the presiding judge "shall, on such presentation . . . hold a hearing to determine the mental condition of the accused . . . ." The record is barren of any presentation regarding the defendant's competency, and there is no intimation that a hearing even should have been considered. A representation by counsel that a client is of limited intelligence is far different from a request under § 54-40 for a hearing to determine whether an accused is insane or so mentally defective that he is unable to understand the proceedings against him or to assist in his own defense. In this case the motion for a continuance itself brought to the attention of the court the defendant's quest for an alibi witness and indicated not only that he understood the proceedings against him but also that he was actively assisting in his own defense.

As to the claim that the court should have ordered a hearing on its own initiative, § 54-40 provides that the presiding judge "may, on his own motion, if he

is of the opinion that the mental condition of the accused is probably so defective that he is unable to understand the proceedings against him or to assist in his own defense, hold a hearing to determine the mental condition of an accused . . . ." This language clearly calls for an exercise of the court's discretion. Under the circumstances of this case, the failure of the court to order a hearing upon its own motion cannot be deemed an abuse of that discretion.

There is no error.

In this opinion the other judges concurred.