STATE OF CONNECTICUT *v.* JOSEPH E. KING, JR.
(9238)

DUPONT, C. J., O'CONNELL and NORCOTT, Js.

Argued December 14, 1990—decision released May 7, 1991

*Albert J. McGrail,* for the appellant (defendant).

*Marjorie Allen Dauster,* deputy assistant state's attorney, with whom, on the brief, were *John Bailey,* state's attorney, and *Dennis O'Connor,* senior assistant state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from his conviction of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (3) (reckless manslaughter in the first degree).[1] The defendant argues

---

[1] General Statutes § 53a-55 (a) provides in pertinent part: "A person is guilty of manslaughter in the first degree when . . . (3) under circum-

that the trial court improperly failed to charge the jury that the defense of self-defense was applicable to this crime as well as to other lesser included offenses. We agree and reverse the judgment of the trial court.

This case arose out of a barroom argument that led to a fight in the parking lot outside the bar. The victim died of a stab wound to the heart and the defendant was charged with murder. At trial, the defendant claimed that he had acted in self-defense and the jury convicted him of the lesser included offense of reckless manslaughter in the first degree.

The defendant had filed a written request to charge on self-defense pursuant to General Statutes § 53a-19.[2] The court instructed the jury that self-defense was a valid defense to the original charge of murder and to the lesser included offense of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1)[3] (intentional manslaughter in the first degree). The court also specifically instructed the jury that the defense of self-defense was not applicable to the lesser included offenses of reckless manslaughter in the first degree, manslaughter in the second degree in violation of Gen-

stances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

[2] General Statutes § 53a-19 (a) provides: "Except as provided in subsections (b) and (c) a person is justified in using reasonable physical force upon another person to defend himself or a third person from what he reasonably believes to be the use or imminent use of physical force, and he may use such degree of force which he reasonably believes to be necessary for such purpose; except that deadly physical force may not be used unless the actor reasonably believes that such other person is (1) using or about to use deadly physical force, or (2) inflicting or about to inflict great bodily harm."

[3] General Statutes § 53a-55 (a) provides in pertinent part: "A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person . . . ."

eral Statutes § 53a-56[4] and criminally negligent homicide in violation of General Statutes § 53a-58.[5]

The defendant claims that the court's instruction deprived him of his fundamental right to establish a defense. *Washington* v. *Texas,* 388 U.S. 14, 19, 87 S. Ct. 1920, 18 L. Ed. 2d 1019 (1967); *State* v. *Bethea,* 167 Conn. 80, 83, 355 A.2d 6 (1974). "This fundamental constitutional right includes proper jury instructions on the elements of self-defense so that the jury may ascertain whether the state has met its burden of proving beyond a reasonable doubt that the [crime] was not justified." *State* v. *Miller,* 186 Conn. 654, 660–61, 443 A.2d 906 (1982).

The state raises a threshold question of reviewability. It argues that the defendant's claim was not properly preserved at trial and does not qualify for plain error review under Practice Book § 4185[6] or review under the doctrine of *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), and *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). We do not agree.

The general rule in Connecticut is that "[t]he appellate court shall not be bound to consider error as to the giving of, or the failure to give, an instruction unless the matter is covered by a written request to charge or an exception has been taken immediately after the charge is delivered by the party appealing." *State* v. *Fullwood,* 193 Conn. 238, 259, 476 A.2d 550 (1984); see

---

[4] General Statutes § 53a-56 (a) provides in pertinent part: "A person is guilty of manslaughter in the second degree when: (1) He recklessly causes the death of another person . . . ."

[5] General Statutes § 53a-58 (a) provides: "A person is guilty of criminally negligent homicide when, with criminal negligence, he causes the death of another person, except where the defendant caused such death by a motor vehicle."

[6] Practice Book § 4185 provides in pertinent part: "The supreme court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. . . ."

also Practice Book § 852. Section 852 provides these two options for preserving a claim, and either method alone is sufficient for this court to grant review.

In the present case, the defendant properly submitted a written request pursuant to Practice Book § 852 to charge the jury on the defense of self-defense. He also submitted written requests to charge on murder and the lesser included offenses pursuant to Practice Book § 854. The state argues that appellate review is barred by the defendant's failure to take an exception at trial when the court refused to instruct the jury that self-defense was a proper defense to the lesser included unintentional homicides.

Nowhere within the four corners of the written request for a self-defense instruction did the defendant limit his claim of self-defense to murder and intentional manslaughter in the first degree. We therefore conclude that the written request to charge on the defense of self-defense applied to the crime charged as well as to all lesser included offenses. The defendant was not required to take any further action to preserve his appellate rights, and accordingly we will review the merits of his claim.[7] In light of our conclusion that the defendant properly preserved this issue for appeal, we do not reach the state's other nonreviewability arguments that are based on an incorrect assumption that this claim was unpreserved.

The defendant argues that the court should not have restricted the jury's consideration of self-defense to the intentional homicides but instead should have allowed the jury to consider it as a defense to the lesser included

[7] We also reject the state's argument that the defendant's failure to take exception to the court's limited self-defense instruction constituted a waiver of his right to raise this issue on appeal. This contention ignores Practice Book § 852, which allows this court to consider failure to give a jury instruction when the matter is covered by a written request to charge.

unintentional offenses. Whether self-defense is a valid defense to a crime based on reckless conduct was recently addressed by our Supreme Court in *State* v. *Hall,* 213 Conn. 579, 569 A.2d 534 (1990).[8]

In *Hall,* the Supreme Court concurred with the Appellate Court that the defendant was entitled to a jury instruction on self-defense with respect to the lesser included offense of manslaughter in the second degree. Id., 586. Nevertheless, the Supreme Court determined that the trial court's failure to give this instruction was harmless because the defendant was acquitted of murder and convicted of the lesser included offense of intentional manslaughter in the first degree. The trial court had instructed the jury that the defense of self-defense was applicable only to murder and intentional manslaughter in the first degree. The Supreme Court reasoned that because the jury was fully instructed on the law of self-defense with respect to murder and intentional manslaughter in the first degree, the jury's guilty verdict of manslaughter in the first degree was necessarily a rejection of the defense of self-defense. Id., 589.

The present case can be distinguished from *Hall* in one significant aspect. Here, the court's failure to instruct on self-defense cannot be construed as harmless because, although the defendant was acquitted of murder like the defendant in *Hall,* this defendant was convicted of the unintentional offense of reckless manslaughter in the first degree. This jury returned a guilty verdict against the defendant for a crime in which it was not allowed to consider the defense of self-defense.

---

[8] We note that the trial court in the present case did not have the benefit of either the Appellate Court or the Supreme Court decisions in *State* v. *Hall,* 17 Conn. App. 502, 554 A.2d 746 (1989), aff'd, 213 Conn. 579, 569 A.2d 534 (1990), because the jury was instructed on November 4, 1987, and the *State* v. *Hall* decisions were not issued until February 21, 1989, and January 30, 1990, respectively.

Unlike the court in *Hall,* this court cannot conclude that the conviction in this case was necessarily a rejection of the defense of self-defense by the jury because the jury acquitted the defendant of the two crimes in which it was allowed to consider the defense of self-defense.

The state argues that *Hall* is distinguishable because the mental state required in reckless manslaughter in the first degree is different from that required in reckless manslaughter in the second degree. It claims that the trial court need not instruct on the defense of self-defense with respect to reckless manslaughter in the first degree because that crime requires the defendant to act under circumstances evincing an extreme indifference to human life, whereas, the crime of reckless manslaughter in the second degree does not.

The different statutory language of reckless manslaughter in the first degree and second degree does not require this court to carve out an exception prohibiting juries from considering the defense of self-defense for reckless manslaughter in the first degree when it is applicable to all other homicides. Moreover, since the defense of self-defense is available for murder, which is the extreme indifference to human life, it would be anomalous to conclude that the defense was not applicable to the lesser included offense of reckless manslaughter in the first degree.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.