[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have appealed the denial of a special permit application which sought to develop a rear lot on a residential parcel.
The plaintiffs, on April 21, 1991, applied for a special permit under Section 3.43 oE the Woodbridge Zoning Regulations, so that they might use the rear parcel as a residential building lot. This application was initially denied on May 20, 1991. Subsequently the Commission agreed to rehear the application. public hearing was held on September 3, 1991. On October 16, 1991, the Commission voted to deny the application because the application did not meet the requirements of the Woodbridge Zoning Regulations which governed rear lots, that is the provisions of Section 3.43 of the Regulations.
The special permit which the plaintiffs sought was for the use of the property. The plaintiffs had not needed subdivision approval to divide their original lot because the lot had no been divided after the enactment of subdivision regulations. Previously, though, the plaintiffs applied for original variances for some minimum area requirements for both parcels. These variances were granted.
Essentially, the plaintiffs claim that they had a legal rear lot which, after the variances were granted, entitled them to a building permit, and that the Commission abused its discretion in denying the special permit in light of the previous action of the Zoning Board of Appeals.
The Town contends the action of the Zoning Board of Appeals, in granting the variances, merely placed the plaintiffs in the same position as a property owner who had, without variance, complied with minimum lot area requirements.
The power to determine the issue of rear lots under Section 3.43 of the Regulations is vested in the Zoning Commission, not the Zoning Board of Appeals. The Zoning Board of Appeals and the Superior Court have never been presented with the issues CT Page 399 contested in this appeal. Any statements of the court in the prior appeal could not be determinative of issues not then litigated or presented to it. The earlier decision of the Zoning Board of Appeals did not bind the Commission's decision-making process on the application for special permit.
In determining what uses may be allowed under a special permit, the Zoning Regulations control. A.P.W. Holding Company v. Planning and Zoning Board, 167 Conn. 82, 185 (1974). Here, the record discloses that the record reasonably supports the decision of the Commission and that the Commission did not abuse its discretion.
The objections to the supplemental briefs filed by the plaintiffs are sustained.
The appeal is dismissed.
BY THE COURT: Gordon, J.