## STATE OF CONNECTICUT *v.* HARLAND S. HAYE (13730)

PETERS, C. J., GLASS, COVELLO, HULL and F. X. HENNESSY, Js.

Argued February 8—decision released April 10, 1990

*Dennis F. O'Toole,* assistant public defender, for the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, *Dennis O'Connor,* and *John Malone,* assistant state's attorneys, and *Lawrence Daley,* former assistant state's attorney, for the appellee (state).

HULL, J. The defendant, Harland S. Haye, has appealed from his conviction upon a conditional plea of nolo contendere[1] to an information charging him with murder in violation of General Statutes § 53a-54a.[2] The trial court imposed a sentence of twenty-five years imprisonment. On appeal, the defendant claims that the trial court erred in denying his motions to dismiss, for lack of jurisdiction, the information charging him with the crime of murder, because the probable cause hearing required by General Statutes § 54-46a[3] was not held

---

[1] General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied . . . the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[2] General Statutes § 53a-54a provides in pertinent part: "(a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person . . . ."

[3] General Statutes § 54-46a provides in pertinent part: "(a) No person charged by the state, who has not been indicted by a grand jury prior to

within sixty days of the filing of the information in the Superior Court. We find no error.

The defendant's claim is based on the following procedural facts. On December 15, 1987, an information charging the defendant with the crime of murder was filed in the Hartford Superior Court. Pursuant to § 54-46a, a probable cause hearing was scheduled for February 5, 1988. On February 5, 1988, the state requested, without objection by the defendant, that the probable cause hearing be continued for six days, due to the state's difficulty in procuring its witnesses. The court, *Byrne, J.,* granted the continuance and rescheduled the probable cause hearing for February 11, 1988.

The state, however, was unable to secure three of its witnesses by February 11, 1988, and on that date again requested that the court, *Byrne, J.,* continue the date of the probable cause hearing. Recognizing that its request would establish a hearing date beyond the sixty day limit provided in § 54-46a (b),[4] the state, in order to show good cause, offered the following explanation: "We have four witnesses to this incident. One is dead—having been, I believe, shot in New York City. One . . . has a warrant outstanding for murder against him and is in parts unknown. Two other witnesses have contacted us; and, one, particularly was suppose [sic] to be here and is not. And, that person . . . is essential to the presentation of the case; and

May 26, 1983, shall be put to plea or held to trial for any crime punishable by death or life imprisonment unless the court at a preliminary hearing determines there is probable cause to believe that the offense charged has been committed and that the accused person has committed it. The accused person may knowingly and voluntarily waive such preliminary hearing to determine probable cause.

"(b) Unless waived by the accused person or extended by the court for good cause shown, such preliminary hearing shall be conducted within sixty days of the filing of the complaint or information in superior court. . . ."

[4] February 13, 1988, was the sixtieth day after the filing of the information in the Superior Court.

we are making every effort to locate him. [Our] [i]nspector . . . has spread his business card throughout a particular area in Hartford to try to locate him. We've had contact from the gentleman. . . . [T]he mother of this particular witness . . . had assured us that her son would be here. He would not—when I talked to him the other day . . . give me his phone number or his address. He indicated that he would be here. He is not." The state then explained, in response to questioning from the court, that subpoenas had not been issued because the state was unaware of the witnesses' whereabouts. In conclusion, the state argued: "I represent to the Court, as a commissioner, that we have made—as far as I can see—every possible effort, short of physically grabbing someone and we will continue to make that effort, if the Court grants my request for a continuance for good cause shown; which, I believe, has been established."

The defendant objected to the requested continuance, arguing as follows: "This is the second continuance the State has had. This was originally scheduled for—on—last week, on February 5th and the State was given a continuance until today, to try and get their witnesses, as he stated. Subpoenas have not been issued. The defendant certainly objects to any continuance beyond the sixty day period. I don't believe there's any cause on the defendant's part. I mean—he hasn't necessitated the delay in any way and I don't think he should be penalized because the State can not produce their witnesses. I would object to the delay."

Despite the defendant's objection, the court granted the state's request for a continuance and rescheduled the probable cause hearing for February 25, 1988. The court stated in making its ruling, that "the State [had] shown good cause, but [that it would] not give any extension past February 25th." The defendant then asked that his objection to the continuance be noted.

The defendant thereafter filed a motion, dated February 23, 1988, to dismiss the information charging him with murder, claiming that "[n]o good cause [was] shown to continue the preliminary hearing beyond 60 days [and therefore the] court lack[ed] personal jurisdiction over [the defendant]." This motion was denied by the court, *Ripley, J.,* on February 25, 1988. Consequently, on that same date, seventy-two days after the information against the defendant had been filed in the Superior Court, the hearing was held at which it was determined that probable cause existed to try the defendant for the crime of murder.

On September 23, 1988, the defendant filed another motion to dismiss the information charging him with murder. The defendant argued that the granting of the state's second continuance had violated his due process rights, because the extension was granted solely on the representations of the state, rather than on findings of fact made pursuant to an evidentiary hearing. Because the continuance had been improperly granted, causing the probable cause hearing to be improperly delayed, argued the defendant, the court lacked jurisdiction to try him for the crime of murder. The court, *Freed, J.,* denied the defendant's motion, citing two reasons for its ruling: the defendant's failure to object on February 11, 1988, to the fact that no evidentiary hearing was held; and the court's finding that the uncontested representations made by the state were "sufficient, both procedurally and factually, for a finding and a determination that there was good cause shown and that a continuance could properly be granted pursuant to the Statute." The defendant thereafter entered a conditional plea of nolo contendere to the charge of murder.

The defendant renews on appeal his claim that the court had no jurisdiction to try him for the crime of murder, because the probable cause hearing was not

held within sixty days of the filing of the information charging him with that crime. Although the defendant recognizes that the sixty day period may, by statute, be extended "for good cause shown," he presents a threefold argument: (1) given that no evidentiary hearing was conducted prior to the granting of the continuance, the state necessarily did not meet its burden of showing good cause; (2) in the absence of a showing of good cause, the date of the probable cause hearing could not be extended beyond the sixty day limit set by statute; and (3) since the probable cause hearing was conducted seventy-two days after the filing of the information, that information should have been dismissed due to the court's lack of jurisdiction over the defendant. Because we do not agree that the court was required, under the facts here presented, to conduct an evidentiary hearing, the defendant's claim of error crumbles at its foundation.

It is not disputed that the defendant "has a constitutional right not to be tried without probable cause being found according to the procedures set forth in General Statutes § 54-46a . . . . " *State* v. *Ramos,* 201 Conn. 598, 602–603, 519 A.2d 9 (1986). That statute provides that a probable cause hearing "shall be conducted within sixty days of the filing of the complaint or information in superior court" *unless* "extended by the court for good cause shown." General Statutes § 54-46a (b). The statute contains no requirement that an evidentiary hearing be held prior to the court's finding of good cause.[5] "It . . . is not our function to attempt to improve upon the actions of the legislature by reading into the statute what is clearly not there . . . . " *Doe* v. *Manson,* 183 Conn. 183, 188, 438 A.2d 859 (1981).

[5] It is significant that the legislature has specifically provided for evidentiary hearings in other contexts. See, e.g., General Statutes § 54-46a (b) and (c) (providing for an evidentiary hearing prior to the finding of probable cause); General Statutes § 54-56d (e) (providing for an evidentiary hearing prior to the court's ruling on competency).

This is not to say that an evidentiary hearing may never be warranted when a request for a continuance is made pursuant to § 54-46a (b). The facts of the instant case, however, did not warrant a hearing. The defendant did not challenge the accuracy of the state's representations as to the reasons for its request for a continuance,[6] but rather, objected to the continuance only in general terms. Furthermore, the defendant did not claim surprise or ask that he be given time to explore the factual basis of the state's representations. Simply, the defendant did not request an evidentiary hearing nor did he articulate any objection that would have indicated to the court the necessity for such a hearing.

The defendant argues that an evidentiary hearing was required despite his failure to object to the representations made by the state, because representations of counsel, absent the presentation of evidence, cannot support a finding of good cause to continue a probable cause hearing. We find no merit to the defendant's claim.[7] To impose a requirement of a factual show-

---

[6] The defendant claims in his reply brief that there were factual issues in dispute that required an evidentiary hearing to determine whether good cause existed for a continuance. The record is devoid of any such claim to the trial court on February 11, 1988.

[7] The defendant argues that this court's decision in *State* v. *Aillon*, 202 Conn. 385, 521 A.2d 555 (1987), supports his contention that representations of counsel, unsupported by evidence, cannot be relied upon by the court in finding good cause to grant a continuance. We find that decision to be clearly distinguishable from the instant case. In *Aillon*, we did determine that unsupported representations of defense counsel had been insufficient to establish either the unavailability of an expert witness or the defendant's need for a continuance to acquire a substitute witness. We did not say that representations of counsel can never be sufficient, but held that under the circumstances presented in *Aillon*, the representations simply were inadequate. In that case the unsupported representations of counsel were insufficient because the state at trial *challenged* those representations and put the defendant to his burden of proof. Id., 391, 394. As we have discussed, the defendant in the instant case did not specifically object to the state's explanation for its request of a continuance, but, rather, objected only generally to that continuance.

ing in every case to support representations of counsel concerning such matters would impugn the veracity of counsel and impose a staggering burden of time and effort on our already overburdened court system. Evidentiary support of counsel's representations may be found necessary by the court only under certain contested circumstances; see *State* v. *Aillon,* 202 Conn. 385, 521 A.2d 555 (1987); or where otherwise required by statute, our rules of practice, or the rules of evidence.

The only question before us, therefore, is whether, based upon the state's representations, the court erred in granting the state's request for a continuance. In answering this question, we find instructive those cases dealing with requests for continuances in other contexts. "The law is clear that requests for continuances are matters of judicial discretion and that on review every reasonable presumption in favor of the trial court's discretionary ruling will be made. *State* v. *McKnight,* 191 Conn. 564, 577, 469 A.2d 397 (1983); *State* v. *Bethea,* 167 Conn. 80, 84, 355 A.2d 6 (1974). The trial court's decision will be reversed only if it represents a gross abuse of discretion . . . . ' " 'There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process.' " ' *State* v. *McKnight,* supra, 576; *State* v. *Bethea,* supra. Rather, the answer must be found in the particular facts of each individual case. *State* v. *McKnight,* supra." *State* v. *Gordon,* 197 Conn. 413, 424B, 504 A.2d 1020 (1985). The party seeking the continuance has the burden of establishing good cause for such a continuance. See id.

Under the circumstances of this case, the court did not abuse its discretion in granting the state's request for a continuance for good cause shown. The state represented that it was having difficulty in procuring several essential witnesses, articulated the reasons for the

difficulty, and further explained to the court the efforts it had made to contact those witnesses. The determination that the state had shown good cause for extending the sixty day limit of § 54-46a was certainly within the discretion afforded the trial court on such matters. Probable cause was thus found according to the procedures set forth in § 54-46a. Accordingly, we find that the trial court had jurisdiction to try the defendant for the charge of murder, and did not err in denying the defendant's motions to dismiss.

There is no error.

In this opinion the other justices concurred.