[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#121)
On June 30, 1998, the city of New London, pursuant to General Statutes § 12-159, sold certain real property owned by the plaintiff, Sandra Caldrello. The original defendant, the Federal Deposit Insurance Corporation (FDIC), was the highest bidder at the tax sale. The tax collector's original deed purporting to convey two tracts to the FDIC, was recorded on July 1, 1999. A correcting deed, including the first tract but not the second, was recorded on April 17, 2000.
The plaintiff sewed the FDIC with a summons, the original complaint and a certified copy of the notice of lis pendens on May 23, 2000. The original complaint contained a single count relating to the first tract only. On July 19, 2000, the plaintiff filed a motion to amend the CT Page 15075 complaint and substitute as defendant the Republic Credit Corporation I (Republic). The motion was granted by the court, Hurley, J.T.R., on August 15, 2000. The plaintiff sewed Republic with a summons and amended complaint on August 22, 2000. The amended complaint contained two counts relating to the first and second tracts, respectively. In count one of the amended complaint, the plaintiff alleged that the tax sale and original tax deed were invalid as to the first tract "due, among other reasons, to defective notice to the plaintiff." In count two, the plaintiff alleged that the city of New London had no right or power to sell the second tract because the taxes had been paid prior to the tax sale.
On December 11, 2000, in response to a request to revise filed by Republic, the plaintiff filed a revised complaint to give a more particular statement, in count one, of the reasons for the alleged invalidity of the tax deed. Republic filed an answer and four special defenses on March 12, 2001. In its third special defense, Republic alleges that the plaintiff failed to bring suit against the record owner of the tax collector's deed within the time set forth by General Statutes § 12-159b. The plaintiff filed a reply to the revised answer on March 26, 2001, denying all of the allegations of the special defenses.
Republic filed a motion for summary judgment on June 14, 2001, the sole basis of which is the plaintiff's alleged failure to serve the summons and complaint within the limitation period provided by General Statutes § 12-159b. The motion is supported by an affidavit, other documentary evidence and a memorandum of law. On July 18, 2001, the plaintiff filed a memorandum of law in opposition, accompanied by an affidavit and other documentary evidence.
 Discussion
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a mailer of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.)QSP, Inc. v. Aetna Casualty Surety Co., 256 Conn. 343, 351, 773 A.2d 906
(2001); see Practice Book § 17-49. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted.)Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
CT Page 15076 (2000).
Republic argues that it is entitled to summary judgment because it was not served with a summons and complaint within the limitation period set forth in General Statutes § 12-159b, which provides: "No action alleging the invalidity of a collector's deed, substantially, in the form provided in section 12-158, on any grounds other than fraud, shall be brought by any person except within one year from the date the collector's deed was recorded or within two years from the date of the sale, whichever is longer." The plaintiff does not dispute that §12-159b sets forth the limitation period applicable to the present case, but argues that the invalidity of the original deed, recorded on July 1, 1999, tolled the running of the limitation period until the filing of the correcting deed on April 17, 2000. The plaintiff also argues that there is a genuine issue of material fact as to the exact nature of the interests held by the FDIC and Republic at the commencement of this action.
As an initial matter, the court notes that the plaintiff now admits, contrary to the allegations of the second count of her revised complaint, that Republic claims no interest in the second tract. In an affidavit submitted in opposition to the motion for summary judgment, the plaintiff's attorney states that the defendant's attorney has repeatedly represented that the defendant makes no claim to the second tract. See Plaintiff's Exhibit 3 in opposition to summary judgment. Furthermore, in her memorandum of law, the plaintiff specifically and unambiguously states that the defendant does not make any claim to the second tract. Plaintiff's Memorandum, pp. 3-4. The plaintiff's statement constitutes a judicial admission. "Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring during judicial proceedings. . . . A judicial admission is, in truth, a substitute for evidence, in that it does away with the need for evidence." (Citation omitted; internal quotation marks omitted.) Statev. Nguyen, 52 Conn. App. 85, 89-90, 726 A.2d 119 (1999), aff'd,253 Conn. 639, 756 A.2d 833 (2000).
It is well established that a court lacks jurisdiction over a case that has become moot: "We have consistently held that we do not render advisory opinions. If there is no longer an actual controversy in which we can afford practical relief to the parties, we must dismiss the [case]. . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires . . . that there be an actual controversy between or among the parties to the dispute: Courts exist for determination of actual and existing controversies, and under the law of this state the courts may not be used CT Page 15077 as a vehicle to obtain judicial opinions on points of law. . . . [W]here the question presented is purely academic, we must refuse to entertain the [case]. . . . A case becomes moot when due to intervening circumstances a controversy between the parties no longer exists." (Citations omitted; internal quotation marks omitted.) Domestic ViolenceServices of Greater New Haven v. Freedom of Information Commission,240 Conn. 1, 6-7, 688 A.2d 314 (1997). "Mootness implicates the court's subject matter jurisdiction and is thus a threshold matter for us to resolve." (Internal quotation marks omitted.) Napoletano v. CIGNAHealthcare of Connecticut, Inc., 238 Conn. 216, 230, 680 A.2d 127
(1996). "A court may raise the issue of its subject matter jurisdiction sua sponte and must dismiss the case if it finds subject matter jurisdiction to be lacking." State v. Carey, 222 Conn. 299, 305,610 A.2d 1147 (1992).
Because the plaintiff now admits that the defendant does not claim an interest in the second tract, the second count of the revised complaint, which is based entirely on the plaintiff's allegation that the defendant does claim an interest in the second tract, has been rendered moot. There is no real controversy between the parties as to the second count, and the court is incapable of granting practical relief. The court therefore dismisses the second count of the revised complaint for lack of subject matter jurisdiction.
The court will now turn its attention to the defendant's argument that it is entitled to summary judgment on the ground that the plaintiff did not commence this action in the time limited by General Statutes §12-159b. Republic claims that all of the FDIC's interest in the first tract was conveyed to Republic by quitclaim deed on or before May 10, 2000, and that the deed was recorded on May 11, 2000. Republic therefore argues that by sewing the FDIC on May 23, 2000, the plaintiff made service on the incorrect party. According to Republic, the failure of the plaintiff to serve the proper party within one year of the recording of the original tax deed requires the court to render summary judgment in Republic's favor.
The problem with Republic's argument is that it has not submitted any proof that the transfer from the FDIC to Republic occurred before May 23, 2000. The plaintiff has submitted a copy of an assignment dated May 25, 2000 and recorded June 12, 2000, by which the FDIC conveyed to Republic "all right, title and interest in, if any, that certain . . . Open-End Mortgage covering premises at 929 and 939 Pequot Avenue. . . ." Plaintiff's Exhibit 5 in opposition to summary judgment. In addition, Republic has submitted a document that it claims is "the bill of sale between the FDIC and Republic for the subject property." Republic's Supplemental Affidavit, ¶ 5. The document, executed May 10, 2000, is CT Page 15078 labeled as a "loan sale agreement", and appears to relate to Republic's purchase of certain loans from the FDIC. That document does not refer specifically or implicitly to the sale of the subject property. Neither of these documents demonstrates that Republic had any interest in the disputed property prior to May 23, 2000.
The absence of proof regarding the ownership of the property at the time of service on May 23, 2000, leaves open the possibility that the FDIC owned the property at that time and subsequently conveyed the property to Republic. Under those circumstances, Republic would take the property with constructive notice of the present action, because of the notice of lis pendens recorded on May 22, 2000. See General Statutes § 52-325 (b). "After a suit becomes lis pendens, the statute of limitations will no longer run in favor of a pendente lite purchaser, or other person acquiring his rights during the pendency of the suit, regardless of the question whether he was or was not a party to the action, until after final judgment or decree has been rendered." 54 C.J.S., Lis Pendens § 39 (1987). If service on the FDIC was proper on May 23, 2000, and Republic subsequently acquired its interest in the property from the FDIC, Republic would not be able to claim the benefit of the limitation period contained in General Statutes § 12-159b. In order to prevail on the instant motion, Republic has the burden to demonstrate that this was not the case. Consequently, there exists a genuine issue of material fact and Republic is not entitled to summary judgment.[1]
 Conclusion
For the reasons stated above, Republic's motion for summary judgment is denied as to the first count of the revised complaint, and the second count is dismissed for lack of subject matter jurisdiction.
Robaina, J.