[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I FACTS
This case concerns a fire that destroyed a home owned by the plaintiff, Elzear Roy, located at 4010 Mountain Road, Suffield, Connecticut and leased, with an option to purchase, by the defendant, John B. Ferraro. On June 23, 2000, the plaintiff brought this action pursuant to General Statutes § 52-592, the accidental failure of suit statute, alleging that the defendant, by allowing the subject property to be destroyed by fire, breached the lease agreement. On April 6, 2001, the defendant moved for summary judgment on two grounds. First, the defendant claimed that because this suit is a subrogation action, it may not be brought against the defendant, who is an implied co-insured. Second, the defendant argued that the plaintiff assumed the risk of loss or damage until the date of the closing. In support of his motion, the defendant attached a copy of the lease agreement,[1] the defendant's affidavit and various excerpts from a deposition of the plaintiff In a memorandum of decision dated January 10, 2002, the court denied summary judgment, CT Page 6409-b declining to rely on the deposition testimony offered by the defendant in support of his motion because the attached exhibits did not establish that the deposition testimony was sworn and certified. Further, the court found that because the language in the lease agreement between the landlord and tenant was ambiguous, an issue of material fact remained as to who bears the risk of loss. The defendant has moved for reargument and further moves that the court reconsider his motion for summary judgment. In support, the defendant attaches the missing certification page from the deposition testimony and a transcript of the hearing before this Court on September 4, 2001 on the defendant's motion for summary judgment. Because the newly offered supporting documents are relevant to the issue of whether this action is in fact a subrogation action and therefore subject to the implied co-insured rule, the court granted the defendant's motion to reargue and will now reconsider the motion for summary judgment.[2]
 II DISCUSSION
"In any action . . . any party may move for a summary judgment at any time. . . ." Practice Book § 17-44. "[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Miles v. Foley, 253 Conn. 381, 385,752 A.2d 503 (2000). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Id., 386. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Id. "A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book § 17-45.
As this Court has recognized previously, "[s]ubrogation may be broadly defined as the substitution of one person in the place of another with reference to a lawful claim or right. . . . Fundamental to the idea of subrogation, then, is the action of substitution." (Citation omitted; CT Page 6409-c internal quotation marks omitted.) Roy v. Ferraro, Superior Court, judicial district of New Britain, Docket No. 502798 (January 10, 2002,Wiese, J.). The defendant claims that this action is a subrogation action. The plaintiff responds that because the insurance company is not a named party, this cannot be a subrogation action. The plaintiff, however, has admitted on three separate occasions that the plaintiffs insurer, Nationwide Mutual Insurance Company (Nationwide), is the real party in interest. At the deposition of Elzear Roy dated July 13, 1999, counsel for the plaintiff acknowledged that, "[t]his is a subrogation claim brought in the name of Mr. Roy." (Defendant's Motion for Summary Judgment, Exhibit H, p. 83; Defendant's Motion (or Reconsideration or Reargument, Exhibit B.) The plaintiff made essentially the same concession at oral argument before this Court on September 4, 2001. "The claim is that the insurance company here is the parry in interest, and they are. The insurance company has the right under Connecticut law, as acknowledged by counsel, to prosecute the name, prosecute the lawsuit, the claim in the name of the insured. As they often do, and being done in this case. The real party here is Nationwide, so if tat's an issue to anyone, I should disclose that." (Defendant's Motion for Reconsideration or Reargument, Exhibit C, p. 20.) The plaintiffs counsel made the same admission yet again at oral argument before this Court on this motion for reconsideration of the defendant's motion for summary judgment on April 4, 2002.
The plaintiff argues that the court may not rely on counsel's statement during the deposition because it is improper to rely on deposition testimony in granting a motion for summary judgment. The plaintiff is correct that the Superior Court is split on the issue of whether to consider uncertified deposition testimony on a motion for summary judgment. See Roy v. Ferraro, supra, Superior Court, Docket No. 502798, and cases cited therein. In this case, however, the question is irrelevant, since the plaintiff's counsel has conceded twice in open court that this is a subrogation action. Such statements are judicial admissions. "Judicial admissions are voluntary and knowing concessions of fact by a parry or a party's attorney occurring during judicial proceedings." (Emphasis added; internal quotation marks omitted.) Statev. Nguyen, 52 Conn. App. 85, 89-90, 726 A. 24 119 (1999), aff'd,253 Conn. 639, 756 A.2d 833 (2000). "A judicial admission is, in truth, a substitute for evidence, in that it does away with the need for evidence." (Internal quotation marks omitted.) Id., 90. In holding that this is a subrogation action, the court relies on the statements made by counsel in open court on September 4, 2001, and April 4, 2002.
Moreover, on the issue of whether an action may be a subrogation action CT Page 6409-d even if the insurance company is not a named party, this case is factually on point with Malerba v. Smith, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 064749 (September 12, 2000, Nadeau, J.) (28 Conn.L.Rptr. 39). In Malerba, the action was brought in the name of the landlord on behalf of the insurer, despite only the landlord being named as plaintiff Just as in Malerba, the real party in interest in this case is the insurer. Therefore, based on the plaintiff's own admissions, this is a subrogation action brought by Nationwide in the name of the plaintiff.
"There is no right of subrogation for an insurer against either one who is covered as a named insured in relation to the loss at issue, or any party who is covered as an additional insured in relation to that loss. Thus, an insurer's subrogation interest usually is limited to rights an insured may have against third persons — that is, persons who are not parties to or beneficiaries of the insurance relationship that gives rise to the subrogation claim by an insurer." (Internal quotation marks omitted.) Malerba v. Smith, supra, 28 Conn.L.Rptr. 39. The defendant argues in his motion for summary judgment that, as a tenant, he is an implied co-insured under the plaintiffs insurance policy, and, therefore, the insurance company is barred from bringing a subrogation action against him. The court agrees. The Supreme Court recently held that "in the absence of an express agreement between the parties covering the question, there is no right of subrogation on the part of a landlord's fire insurer against a tenant of the landlord's premises."DiLullo v. Joseph, 259 Conn. 847, 850-51 ___ A.2d ___ (2002). The DiLullo
ruling is grounded on the strong public policy favoring the avoidance of economic waste. A default rule allowing a right of subrogation against a tenant would "create a strong incentive for every tenant to carry liability insurance in an amount necessary to compensate for the value, or perhaps even the preplacement cost of the entire building, irrespective of the portion of the building occupied by the tenant. That is precisely the same value or replacement cost insured by the landlord under his fire insurance policy. Thus, although the two forms of insurance would be different, the economic interest insured would be the same. This duplication of insurance would, in our view, constitute economic waste. . . ." Id., 854. Thus, DiLullo makes clear that, contrary to the plaintiff's argument, it is irrelevant whether the tenant carries liability insurance.
Even before the Supreme Court ruled on this issue, the Superior Court had unanimously followed the rule that, absent an express agreement, a tenant is an implied co-insured under a landlord's fire insurance policy. See, e.g., St. Paul Fire Marine Ins. Co. v. Durr, Superior CT Page 6409-e Court, judicial district of Middlesex at Middletown, Docket No. 090718 (July 25, 2001, Gilardi, J.) (30 Conn.L.Rptr. 150); see also Malerba v.Smith, supra, 28 Conn.L.Rptr. 39; Royal Ins. Co. v. Saloomey, Superior Court, judicial district of Hartford, Docket No. 572377 (November 3, 1999, Hennessey, J.); Great American Ins. Co. v. Cahill, Superior Court, judicial district of New Haven, Docket No. 372249 (June 24, 1997,Sullivan, J.) (20 Conn.L.Rptr. 79); Aetna Life Casualty v. Mark, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 702459 (July 21, 1993, Hennessey, J.) (9 Conn.L.Rptr. 402).[3]
In this case, nothing in the lease agreement even remotely implies that the defendant is not a co-insured under the plaintiffs fire insurance policy, nor does the plaintiff produce any document that contains an express provision to that effect. Therefore, the plaintiff's subrogation action is barred as a matter of law.
Since the entire action is barred as a matter of law under the implied co-insured theory, it is irrelevant who bore the risk of loss under the lease agreement between the plaintiff and the defendant.[4] Therefore, no issue of material fact remains in this case.
 III CONCLUSION
For the foregoing reasons, the defendant's motion for summary judgment is granted.
 ___________________ J. Peter Emmett Wiese, Judge